In the Matter of THOMAS P. McKENNA, an Attorney, Respondent.

First Department, February 6, 1925.

**Attorney and client — disciplinary proceedings — attorney invested money on bond and mortgage for client — later, without authority or knowledge of client, attorney, before mortgage was due, received payment and canceled mortgage — attorney used money in construction of building and later secured mortgage thereon to client but did not deliver it — attorney disbarred for conversion.**

An attorney at law is disbarred for converting funds of a client, since it appears that he received money from his client for investment and invested the same on a bond and mortgage; that he delivered the bond to his client but retained the mortgage and thereafter, before the mortgage was due and without the knowledge or consent of the client, collected the face of the mortgage and caused the same to be canceled of record; that he then used the money towards the construction of a house to fulfill the terms of an obligation that he had assumed and after the house was constructed secured a mortgage in the name of his client without her consent or knowledge, but never delivered that mortgage to her.

DISCIPLINARY proceedings instituted by the New York County Lawyers Association.

*George R. Adams* [*Richard H. Clarke* of counsel], for the petitioner.

*Abraham Benedict,* for the respondent.

CLARKE, P. J.:

The respondent in October, 1903, was admitted to practice as an attorney and counselor at law in the courts of this State and has ever since been acting and practicing as such. The petition charges that the respondent has been guilty of malpractice and gross professional misconduct as an attorney and counselor at law and contains the following specifications: (a) That some time during the month of March or thereabouts in the year 1909, respondent received for investment from one Viola F. Biedler the sum of $10,000 in a bond secured by a first mortgage for that amount on real estate known as the Pearl street property located at Deal Beach in the State of New Jersey; (b) that thereafter in carrying out the instructions so received he invested said sum in a bond secured by first mortgage of $10,000 on said Pearl street property; (c) that Mrs. Biedler instructed respondent to deliver to her the said bond and first mortgage and that thereafter said bond was delivered to her; (d) that said mortgage accompanying said bond was never delivered to Mrs. Biedler by respondent or any one acting in her behalf although repeatedly requested to do

so; (e) that the interest on said bond and mortgage was paid from time to time to Mrs. Biedler from the time of the investment of said sum of $10,000 up to the month of September, 1913; (f) that in the month of August,. 1909, said mortgage was canceled of record as a lien against said premises and the proceeds thereof, the sum of $10,000, was paid to the respondent; (g) that said mortgage was canceled without the knowledge or consent of Mrs. Biedler, the owner and holder thereof, and without the knowledge and consent of anybody acting on her behalf; (h) that said mortgage was purported to be canceled by the order of one Jacob A. Wolf, claiming to act as attorney for Mrs. Biedler, and that she never instructed the said Jacob A. Wolf to act for her in the cancellation of said mortgage and the receipt of the proceeds thereof and that she did not know and was not acquainted with the said Wolf; (i) that the said Jacob A. Wolf was acting for and in concert with the respondent in the cancellation of said mortgage; (j) that on or about the time of the cancellation of said mortgage for $10,000 the proceeds thereof were paid to the respondent; (k) that the proceeds of said mortgage were not paid over to Mrs. Biedler or to any one in her behalf by the respondent and that the said sum of $10,000 was converted by respondent to his own use; (l) that thereafter an action was brought in the Court of Chancery in the State of New Jersey by Mrs. Biedler to reinstate said mortgage as a lien against said property known as the Pearl street property at Deal Beach, N. J., and thereafter an opinion was handed down by Vice-Chancellor FOSTER and a decree was made reinstating said mortgage as a lien against said premises.

The learned official referee to whom the matter was referred states in his report as follows:

The respondent was and is not only a member of the bar of this State, but also of the State of New Jersey. Previous to the transactions which formed the subject-matter of these charges respondent had acted as attorney for Mrs. Viola F. Biedler and her mother, Mrs. Eva B. Fisher, and for others of the family connections, and was on terms of social intimacy with the entire family. Among the matters attended to by respondent was the settlement of Mr. Fisher's estate. Out of her inheritance from her father's estate Mrs. Biedler placed $10,000 in respondent's hands for investment purposes. It is undisputed that in March, 1909, respondent invested said $10,000 in a mortgage executed by Theodore A. Meyer, who was the beneficial owner of the mortgaged property on Pearl street, Deal, N. J. Said mortgage was to run for one year or to expire on March 12, 1910, and to draw interest at six per cent.

That on the 2d day of August, 1909, four months and twenty-one days thereafter, in the office of Jacob A. Wolf, an attorney in the city of New York, respondent surrendered the mortgage to Wolf and received from him therefor a check for $10,000.

That at the same time and place respondent requested Wolf to indorse upon the mortgage a direction to the clerk of Monmouth county, N. J., to cancel the mortgage of record as having been paid and to sign his name as attorney for Viola F. Biedler, the mortgagee, which request Wolf complied with, by a receipt or indorsement on the back of the mortgage reading as follows:

" The within mortgage has been paid in full and the clerk of Monmouth County is authorized and directed to cancel the same of record.

" August 2, 1909.

             " (signed)    JACOB A. WOLF,
                      " *Atty. for Viola F. Biedler.*"

That subsequently the clerk of Monmouth county, N. J., on presentation of the indorsement canceled the mortgage of record in conformity with the practice then prevailing in the State of New Jersey.

It is admitted that at the time of the transaction Wolf was not the attorney for Viola F. Biedler and had received no authority from her to sign such indorsement. Mr. Wolf testifies he had never met Mrs. Biedler.

It also appears undisputed that the check by which the mortgage was paid off was drawn to the order of Jacob Wolf, and indorsed " Pay Viola F. Biedler or Thomas P. McKenna, Atty.    Jacob Wolf; " also indorsed " Thomas P. McKenna, Attorney," " Thomas P. McKenna," " Pay to the order of Hanover National Bank, Aug. 26, 1909 " (the usual cancellation stamp).

It is further admitted in paragraph " F " of the answer that respondent received the proceeds, $10,000, on cancellation of the Meyer mortgage and that the $10,000 in question was deposited in his own account.

That at the time of the said surrender of mortgage and receipt by respondent of the check for $10,000, Mrs. Biedler did not have knowledge of such surrender, did not authorize such act, did not receive the check for $10,000 and respondent acted without her knowledge or authority.

That Mrs. Biedler first learned of the payment and cancellation of the mortgage three or four years later; that she had never authorized the respondent to take payment of that mortgage; that she never signed an assignment or satisfaction of the mortgage.

That at the time of the surrender of the mortgage and receipt of the $10,000 check, respondent was obligated by contract of building loan to furnish certain moneys toward the construction of a house on Brighton avenue, and in compliance with such obligation had made certain advances thereon; that of the $10,000 so deposited by him in his own account respondent immediately used a portion to reimburse himself for the advances he had already made on his building loan obligation, and continued to so use the money until December 28, 1909, at which time he had used the whole of the $10,000 so deposited by him, thereby converting to his own use the said sum.

That on August 20, 1909, respondent procured a bond and mortgage for $10,000 in the name of Viola F. Biedler upon the Brighton avenue cottage; that the procurement by respondent of such bond and mortgage was without the knowledge, consent or authorization of his client, and said bond and mortgage were never delivered to her.

That Mrs. Biedler, respondent's client, did not authorize the respondent to receive the $10,000 on the Meyer mortgage before it was due, nor to transfer or replace such mortgage by another mortgage to be subsequently given on the Brighton avenue property, and had no knowledge of either transaction.

And the learned official referee concludes: " I find the respondent guilty of converting to his own use the sum of ten thousand dollars belonging to his client, Mrs. Viola F. Biedler."

The record is long, the transactions complicated and involved, but a careful examination thereof forces the conclusion that the ultimate facts as hereinbefore set forth are fully sustained thereby and we approve of the conclusion reached by the learned official referee. There was offered in evidence by the petitioner proof of proceedings in the courts of New Jersey to reinstate the mortgage in question and also disciplinary proceedings in that State against the respondent. This proof was not admitted by the learned official referee and we have not considered it in this proceeding. It would serve no useful purpose to set forth at greater length the evidence contained in the 500 pages of stenographer's minutes besides the exhibits. We are satisfied that the respondent for his own purposes made an improper use of his client's money and thereby converted the same to his own use.

Our conclusion, therefore, is that he must be disbarred and it is so ordered.

DOWLING, MERRELL and MCAVOY, JJ., concur.

Respondent disbarred. Settle order on notice.